UNITED STATES BANKRUPTCY COURT1
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>Robert B. Whitestone, Jr.,<br><br>    Debtor.<br>_____<br><br>Charles M. Ivey, III, Trustee<br>for the Bankruptcy Estate of<br>Robert B. Whitestone, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>Robert B. Whitestone and<br>Carolyn Whitestone,<br><br>    Defendants. | Case No. 12-10090C-7G<br><br><br><br><br><br><br><br><br><br><br>Adversary No. 12-2049 |

## MEMORANDUM OPINION

This adversary proceeding came before the court on June 18, 2013, for hearing on cross motions for summary judgment. John M. Blust appeared on behalf of the Plaintiff and Kenneth Love appeared on behalf of the Defendants.

## NATURE OF PROCEEDING

This adversary proceeding was brought pursuant to section 363(h) of the Bankruptcy Code and seeks authorization for the Plaintiff, as chapter 7 trustee, to sell the both the Estate's interest, under subsections (b) or (c) of section 363, and the interest of the Defendants in real property which was co-owned by the Debtor and the Defendants when the Debtor commenced his chapter

1

7 case in January of 2012.

## FACTS

When the Debtor commenced his chapter 7 bankruptcy case, he owned an undivided one-half interest in a condominium located at 1649 Arlyn Circle, Charlotte, North Carolina. The other half interest was owned by the Defendants. Although the Debtor had resided in the condominium earlier, neither he nor the Defendants were residing in the condominium when the Debtor sought bankruptcy relief. The condominium is subject to a deed of trust that secures indebtedness of $34,587. According to the evidence submitted by the Plaintiff, the condominium has a value of $52,300. The Defendants' evidence placed a value of $37,000 on the condominium.

## ANALYSIS

Under section 363(h), a trustee may sell both the estate's interest and the interest of a co-owner in property in which the debtor has an undivided interest as a tenant in common, joint tenant, or tenant by the entirety only if the following four conditions are met: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such

property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The burden of proof is on the Plaintiff to establish these conditions by a preponderance of the evidence.

The parties agree that as a single family residence, partition of the condominium is impracticable, that sale of the Estate's undivided interest in the condominium would realize significantly less for the Estate than the sale of the property free and clear of the interests of the co-owners, and that the condominium is not used in the production, transmission, distribution or sale, of electric energy or of natural or synthetic gas for heat, light, or power. Therefore, the only issue in dispute is whether the third condition for a sale under section 363(h) has been satisfied, <u>i.e.</u>, whether the benefit to the estate of a sale of the condominium free of the interests of co-owners outweighs the detriment to the Defendants as the co-owners of the property. On this issue, the Plaintiff's initial burden is simply to show that a sale free of the Defendants' interest will produce a benefit to the estate. Once that burden is met, the Defendants are required to come forward with evidence of detriment. <u>See</u> <u>Gray v. Burke (In re Coletta Bros. Of North Quincy, Inc.)</u>, 172 B.R. 159, 165 (Bankr. D. Mass. 1994).

The Plaintiff contends that he is entitled as a matter of law

to sell the property pursuant to section 363(h) because the value of the property exceeds the indebtedness secured by the deed of trust which encumbers the property and no detriment to the Defendants would result from a sale of the property. The Defendants dispute the Plaintiff's contentions and have filed their own motion for summary judgement in which they seek to compel the Plaintiff to abandon the property pursuant to Rule 6007. The Defendants argue that there is nominal or no benefit to the Estate to be gained from a sale because there is little or no equity in the property, and because the Debtor exempted his portion of what little equity exists with his remaining wildcard exemption under N.C. Gen. Stat. 1C-1601(2).

While the evidence submitted by the Defendants is sufficient to raise an issue as to exactly how much benefit would be realized by the estate from a sale of the entire property, even under the valuation relied upon by the Defendants there is some equity in the property and hence a showing of some benefit to the estate from a sale of the property. This result is not altered by the Debtor's purported exemption related to the property which erroneously is based upon his having a one-third interest in the property and his claiming a zero carryover from paragraph 1(b) of his exemption claim.

The benefit to the Estate, even if limited in amount, is sufficient for the Plaintiff to prevail because the Defendants'

evidence shows that the Defendants would suffer no detriment from a sale of the property. The Defendants have never resided in the property and hence there is no "sentimental" detriment which can arise when a party's residence is sold. Nor does the proposed sale cause any financial detriment. According to the Defendants, the property has been rented out for the last four years during which "we have either broken even or taken a loss as it is being rented."[1] The Defendants say in their answer that "[w]ithout counting expenses associated with routine and emergency repairs, the Defendants suffer a net loss of $65.00 a month."[2]

Since it appears without a material issue of fact that the Estate would benefit to some extent from a sale of the property and that the Defendants would suffer no detriment from a sale, the Plaintiff meets the requirements of section 363(h)(3) and hence is entitled to prevail in this proceeding. This means that if the Plaintiff is able to sell the estate's interest in the property pursuant to section 363(b)(1), he will be able to sell the entire property free of the interest of the Defendants in the property. Whether the Plaintiff will be able to sell the estate's interest pursuant to section 363(b)(1) will be addressed when the Plaintiff has filed a 363(b)(1) motion to sell.

---

[1] Affidavit of Robert B. Whitestone, Sr.

[2] Answer of Defendants, paragraph 13.

Based upon the foregoing, the court has concluded that the Plaintiff's motion for summary judgment should be granted and that the Defendants' motion for summary judgment should be denied. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 17th day of July, 2013.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

John M. Blust, Esq.
P.O. Box 3324
Greensboro, NC 27402-3324

Kenneth Love, Esq.
P.O. Box 779
Rural Hall, NC 27045

William P. Miller, Bankruptcy Administrator